438 So.2d 1202 (1983)
STATE of Louisiana, Appellee,
v.
Thomas W. BROWN, Appellant.
No. CR82-763.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
Writ Denied January 6, 1984.
*1203 Richard P. Leyoub, Lake Charles, for appellant.
Leonard K. Knapp, Jr., Dist. Atty., and Karen Lee Price, Asst. Dist. Atty., Lake Charles, for appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
FORET, Judge.
Thomas W. Brown and Charles W. Foy (defendants)[*] were respectively charged by bills of information with attempted first *1204 degree murder[1] and attempted second degree murder. Pursuant to plea bargains entered into with the District Attorney's Office, both defendants plead guilty to reduced charges.
Defendant Brown plead guilty to one count of aggravated burglary (a violation of LSA-R.S. 14:60). After completion of a pre-sentence investigation, the trial court sentenced Brown to serve a term of thirty years.
Defendant Foy plead guilty to charges of attempted aggravated burglary and attempted theft of property valued at over $500.00 (violations of LSA-R.S. 14:27 and LSA-R.S. 14:60, and LSA-R.S. 14:27 and LSA-R.S. 14:67, respectively). After completion of a pre-sentence investigation, the trial court sentenced Foy to serve a term of fifteen years at hard labor on the charge of attempted aggravated burglary, and a term of one year on the charge of attempted theft. The sentences were to run consecutively.
In addition to the above sentences, each defendant was sentenced to serve an additional term of two years (to run consecutively to the others) under the provisions of LSA-R.S. 14:95.2, for using a firearm during the commission of their crimes.
ASSIGNMENTS OF ERROR[2]
1. The trial court committed reversible error in failing to grant defendants' motions for recusation of the judges of the Fourteenth Judicial District Court.
2. The trial court committed reversible error in failing to sentence defendants in accordance with their plea bargain agreement, that the trial court's sentences constitute cruel and unusual punishment as prohibited by the Eighth Amendment to the U.S. Constitution, and that said sentences are excessive in violation of LSA-Const., Art. 1, § 20.
3. The trial court committed reversible error in sentencing defendants under the provisions of LSA-R.S. 14:95.2, when the State failed to file a bill of information charging defendants with violations of this statute.
4. The defendants were deprived of their rights to a fair and impartial sentencing hearing and due process of law as guaranteed by the Constitutions of the United States and this State because of the media publicity which preceded the sentencing hearing.

FACTS
The record indicates that on the evening of February 3, 1982, defendants set out in a pickup truck with the intention of burglarizing the home of Gene Kile, located in Westlake. Feigning car trouble, defendants parked their vehicle a short distance from the Kile home and then walked there. Brown, armed with a .44 Magnum revolver, knocked on the back door, while Foy stood out of sight near the driveway. Kile's teenage son, Kevin, opened the door and allowed Brown to enter, ostensibly for the purpose of using the telephone. Once inside, Brown placed his pistol to Kevin's head and demanded that he lead them to his parents.
The Kiles own a small dog, and it began to bark and growl as Kevin was being led through the house. Mrs. Kile heard the noise, stepped out of her bedroom, and saw what was happening. She immediately alerted her husband, who armed himself with a shotgun he kept beneath their bed. Gene kile then confronted Brown and a gunfight quickly ensued. Ultimately, Kile was struck four times by bullets fired by Brown and was severely injured. However, he also managed to fire a shotgun blast that struck Brown in the hip. Partially disabled, Brown fled from Kile's home, but collapsed *1205 in a ditch where he was held at gunpoint by Kile's neighbors until the police arrived.
Meanwhile, Foy heard the shooting and immediately left the area in the truck and fled to his mother's home where he was arrested shortly thereafter.

ASSIGNMENTS OF ERROR NUMBERS 1 & 4
These assignments of error are related and will be discussed together. Defendants contend that the trial court erred in denying their motions to recuse the judges of the Fourteenth Judicial District Court as having been untimely filed. They argue that the motions were timely filed.
LSA-C.Cr.P. Article 674 provides:
"Art. 674. Procedure for recusation of trial judge
A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675." (Emphasis ours.)
Official Revision Comment (a) to LSA-C. Cr.P. Article 674 provides:
"Official Revision Comment
(a) This article follows C.C.P. Art. 154, with only minor adjustments to the criminal proceedings. A ground which is not urged timely, in conformity with this article, is waived. Art. 309 of the 1928 Code of Criminal Procedure did not specify the time for filing a motion to recuse." (Emphasis ours.)
The record shows that both defendants plead guilty to the charges against them on September 7, 1982. However, they failed to file their motions to recuse until October 6, 1982. Thus, the motions were filed untimely.
Defendants' next contention is that they had a right to a fair and just sentencing procedure free from all prejudicial and inflammatory news coverage, and free from public demonstrations by individuals not directly involved in the sentencing process. They cite the Sixth and Fourteenth Amendments to the U.S. Constitution, and LSA-Const. Art. 1, § 16, in support of their contention.
When Kile learned that defendants had plead guilty to reduced charges, he became enraged and took out a one-page paid advertisement in the Lake Charles American Press. In this advertisement, he charged the District Attorney's Office and Sheriff's Department with incompetency. The advertisement, entitled "An Open Letter to the People of Lake Charles", was quite inflammatory in nature and called on the Fourteenth Judicial District Court to impose the maximum sentences possible on each defendant. The advertisement spawned a multitude of letters from local citizens urging the presiding judge to impose maximum sentences.
A trial judge is presumed to be impartial and a defendant must do more than assert conclusory allegations to prove otherwise. State v. Edwards, 420 So.2d 663 (La. 1982).
Defendants' contention that the trial court's sentencing discretion was effectively negated by public opinion is pure speculation and in no way supported by the record[3]. It is our opinion that defendants were not denied their rights to an impartial sentencing hearing or due process of law.
There is no merit to these assignments of error.

ASSIGNMENTS OF ERROR NUMBERS 2 & 3
Defendants have combined their arguments on these assignments of error in the same section of their brief filed in this *1206 Court. Therefore, we will discuss them together.
We first note that defendants have failed to brief or argue that portion of assignment of error number 2 concerning the alleged violations of their rights under the Eighth Amendment to the U.S. Constitution. Hence, we consider them to have abandoned this portion of assignment of error number 2. State v. Perry, 420 So.2d 139 (La.1982); State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
Defendants contend that the sentences imposed on them are excessive and violate the rights guaranteed to them under LSA-Const., Art. 1, § 20.
It is settled that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against being subjected to excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Washington, 414 So.2d 313 (La.1982). In general, it has been held that a sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). To determine whether the sentence is grossly disproportionate to the crime, we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the sentence is so disproportionate to the crime committed as to shock our sense of justice. State v. Bonanno, supra; State v. Beavers, 382 So.2d 943 (La.1980).
The record shows that both defendants were given the maximum sentences possible for the charges which they plead guilty to. However, as noted above, Brown was originally charged with attempted first degree murder, and Foy was originally charged with attempted second degree murder. Both of these crimes are considerably more serious (and carry much harsher penalties) than those which defendants were allowed to plead to. In addition, the evidence contained in the record indicates that defendants were, in fact, guilty of these more serious crimes. Under these facts and circumstances, we are unable to say that defendants' sentences were so disproportionate to the crime committed that they shock our sense of justice. It is our opinion that defendants' sentences are not unconstitutionally excessive.
Finally, defendants contend that the trial court erred in sentencing them under the provisions of LSA-R.S. 14:95.2 because the State had not filed a bill of information charging them under this statute. Therefore, they allege that they were never placed on notice that an enhancement of penalty under LSA-R.S. 14:95.2 would be imposed on them.
This argument has recently been addressed and dismissed in State v. Roussel, 424 So.2d 226 (La.1982). On page 232, Roussel stated:
"La.R.S. 14:95.2 is an article in the Criminal Code and provides for additional penalties for possession of a firearm or explosive device in the commission of certain enumerated crimes. The statute does not create a separate crime. Rather, it mandates that an additional penalty be imposed when a person uses a firearm or explosive device at the time he commits certain crimes. It is based on the proof of that fact during trial. Defendant was charged with second degree murder and convicted of manslaughter. Both crimes are listed in La.R.S. 14:95.2. The evidence fully supports that a firearm (.22 caliber gun) was used in the commission of the crime for which defendant was convicted (manslaughter). The additional penalty was imposed at the sentencing hearing.
Accordingly, we find no substance to defendant's contention that one must be separately charged under La.R.S. 14:95.2. Adequate notice and opportunity to defend against it are afforded to the accused."
In the case sub judice, defendant Brown was originally charged with attempted first degree murder and pleaded guilty to aggravated *1207 burglary. Both crimes are listed in LSA-R.S. 14:95.2. The same is true with defendant Foy. He was originally charged with attempted second degree murder and entered a guilty plea to one count of attempted aggravated burglary and attempted felony theft. Both the murder and burglary charges are listed in LSA-R.S. 14:95.2. Further, there is no question that a firearm (a .44 Magnum revolver) was used in the commission of the crimes for which defendants were convicted.
Accordingly, we find that both defendants were afforded adequate advance notice that they would be eligible for an enhanced penalty pursuant to LSA-R.S. 14:95.2. Therefore, there was no need to separately charge them.
There is no merit to these assignments of error.

DECREE
For the reasons assigned, defendants' convictions and sentences are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and files brief reason.
DOMENGEAUX, Judge, concurring.
I agree completely with the majority opinion. I file this special concurring opinion, however, feeling that the Louisiana Constitution does not provide for nor mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See my concurring opinions in State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), writ denied; State v. Shelby, Jr., 438 So.2d 1166 (La.App. 3rd Cir.1983), handed down this date.
NOTES
[*] This case has been consolidated for appellate purposes with State of Louisiana v. Charles Wayne Foy, 438 So.2d 1207 (La.App. 3 Cir. 1983), in which a separate judgment is being rendered this date.
[1] On May 12, 1982, the bill of information charging Brown with attempted first degree murder was amended to charge him with attempted second degree murder.
[2] Both defendants assign the same errors for review.
[3] The record shows that the trial court fully complied with the provisions of LSA-C.Cr.P. Article 894.1 in giving its reasons for the sentences imposed on defendants.