HALL, Chief Judge.
Defendant, Elgin Earl “Sonny” Lahrm-ann, was originally charged with six counts of distribution of marijuana in violation of LSA-R.S. 40:966(A). Pursuant to a plea bargain agreement, defendant pled guilty to one count of distribution and the other five counts were dismissed. Defendant was sentenced to four years at hard labor plus a fine of $2,500.00 or one year in the parish jail in default thereof.
This appeal presents the following issues:
1. Whether the sentencing court failed to comply with LSA-C.Cr.P. Art. 894.1;
2. Whether the sentencing court imposed an unconstitutionally excessive sentence;
3. Whether defendant received a fair and impartial sentencing; and
4. Whether defendant was denied his right to effective counsel.
For the reasons set forth herein, we affirm the conviction and the sentence.
FACTS
From May 12 through June 2, 1983, the defendant made six sales of marijuana, *529 ranging in size from one to four bags, to an undercover police officer. Defendant was arrested and charged with six counts of distribution in violation of LSA-R.S. 40:966(A). Pursuant to a plea bargain agreement with the State, defendant pled guilty to one count and the remaining counts were dismissed. Prior to sentencing, defendant filed a motion to traverse the pre-sentence investigation report which was denied. Defendant was sentenced to four years at hard labor plus a fine of $2,500.00 and costs or one year at hard labor in default thereof.
On appeal this court ruled that defendant should have been allowed to traverse the pre-sentence investigation report which contained speculations that defendant was still selling marijuana and ordered a hearing on the matter even though the sentencing court had specifically stated that he did not consider these rumors in sentencing. State v. Lahrmann, 475 So.2d 116 (La.App. 2d Cir.1985). After the hearing on remand, defendant was again sentenced to four years at hard labor and a $2,500.00 fine and costs. However, one year in the parish jail, rather than one year at hard labor, was imposed in default of payment of the fine.
After sentence was imposed, defendant’s retained counsel requested to withdraw due to defendant’s failure to pay his fees. Defendant agreed to allow counsel to withdraw and did not request appointed counsel at this time. Counsel was allowed to withdraw on the condition that he perfect an appeal on behalf of the defendant and file assignments of error, which he did. After the appeal was lodged and pursuant to an order of this Court, another attorney was appointed by the trial court to represent defendant on appeal.
EXCESSIVENESS OF SENTENCE
Defendant argues that the sentencing judge failed to adequately comply with LSA-C.Cr.P. Art. 894.1 and that the sentence imposed is unconstitutionally excessive. Defendant argues that the sentencing judge did not properly consider the following mitigating factors: (1) all six marijuana sales resulted from contact initiated by an undercover police officer; (2) all of the offenses occurred during a short time span and involved a relatively small amount of marijuana; (3) defendant is 27 years of age, married and the father of two young children; (4) defendant was employed at the time of sentencing at a Monroe supermarket; (5) defendant is a part-time student at Northeast Louisiana University; (6) there is no evidence tending to show that defendant would commit the same offense in the future; and (7) defendant, when compared to other individuals convicted of distribution of marijuana, is not among the worst persons who have been adjudged guilty of that crime. Furthermore, defendant points out that at the hearing on the motion to traverse, he and his wife both testified that he had not been involved in the drug scene since his arrest. His wife also testified that their family lifestyle had changed for the better following defendant’s arrest.
At both sentencing hearings, the court noted that between defendant’s arrest for this offense and his plea, he had been convicted of DWI and indecent exposure. Defendant was afforded considerable leniency by virtue of the plea bargain agreement entered into in which his potential exposure to confinement was reduced from sixty years at hard labor to ten years at hard labor. The sentencing court also considered the $150.00 worth of marijuana involved in the count to which defendant pled guilty to be a significant amount.
The sentencing court at the second hearing also adopted his prior reasons for sentencing which had included defendant’s pri- or arrest for possession of marijuana in 1979 which charge was dismissed after defendant’s successful completion of a drug abuse program. Furthermore, defendant’s interim convictions for indecent exposure and DWI demonstrated that there was an undue risk that if defendant was given a suspended sentence, he would commit similar crimes, that defendant is in need of further correctional treatment, and that a lesser sentence would deprecate the seri *530 ousness of the offense. The court also noted that one of defendant’s children was present during one of the marijuana sales. The court further stated that he had originally intended to impose a sentence of six years at hard labor, but due to mitigating circumstances and letters written on defendant’s behalf, he reduced the sentence to four years at hard labor.
Defendant’s argument that he is not among the worst offenders does not apply to this case because defendant did not receive the maximum or near the maximum sentence. Defendant’s sentence of four years at hard labor is less than one-half of the maximum sentence possible.
The record reflects that the sentencing judge properly considered all of the circumstances surrounding the offense and the sentence of four years at hard labor is not unconstitutionally excessive.
MOTION TO TRAVERSE HEARING
Defendant argues that La.Const. Art. I, § 16 (1974) grants him the right to a fair and impartial sentencing hearing “before a court which will receive testimony with an open mind and impose sentence based upon the facts presented to it without preconceived notions of what the sentence should be.” Defendant argues that he was deprived of this right because the sentencing judge commented at the beginning of the hearing on the motion to traverse that “the Second Circuit, through the auspices of Judge Tate, said that the judge didn’t know what he was talking about so he has to have the hearing [on the motion to traverse] anyway. So we’ll have it.” Defendant argues that this remark reflects that the hearing was not held “in the spirit that might allow the defendant to deduce facts or evidence helpful to arriving at a fair sentence but rather as a formality prior to asserting the previously determined sentence.”
It appears that defendant’s claim would more properly be asserted under La. Const. Art. I, § 2 (1974) as a deprivation of due process rather than under La.Const. Art. I, § 16 (1974) as a denial of the right to a fair trial. Even so, the argument has no merit. The record of the hearing on the motion to traverse reflects that the trial judge allowed defendant to present his own testimony and the testimony of his wife denying his involvement in the drug scene following his arrest and denying their use or possession of narcotics in their home or otherwise between the arrest and his plea. Defendant further testified “I did not go back around any of the people that I previously hanged around with. More or less to say is I stayed at home, I worked and I tried to get over this thing.” Defendant’s wife also testified that there had been an improvement in their family life since defendant’s arrest for this offense.
The sentencing court did not curtail the defendant’s presentation of evidence at this hearing in any manner. The judge himself even questioned defendant; however, he stated that he had heard nothing which would change his sentence. Regardless of the judge’s remarks at the beginning of the hearing, the record indicates that defendant did receive a fair and impartial hearing even though there was no reduction in his sentence. As indicated earlier, the record amply supports the sentence imposed upon defendant.
RIGHT TO COUNSEL
Defendant claims that the district court erred in allowing his retained counsel to withdraw upon filing of the assignments of error forming the basis of this appeal. Defendant’s present counsel, who was appointed to represent the defendant on appeal, asserts that he is a tax specialist and has never represented anyone in a criminal case in Louisiana state court. He argues that his lack of experience and lack of prior knowledge of the case combined to deny defendant his right to effective assistance of counsel.
Defense counsel has made no specific allegations as to why or how he has been incompetent. The appellate brief filed on behalf of defendant is well-prepared. There is no showing of prejudice to defendant who has been represented by compe *531 tent counsel at all stages of this proceeding.
DECREE
Defendant’s conviction and sentence are affirmed.
AFFIRMED.