541 So.2d 348 (1989)
STATE of Louisiana, Appellee,
v.
Roy HIGGINBOTHAM, Appellant.
No. 20323-KA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
*350 Dennis Grady Stewart, Winnsboro, for appellant.
William J. Guste, Jr., Atty. Gen., William R. Coenen, Jr., Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendant, Higginbotham, pled guilty to two counts of indecent behavior with a juvenile, in violation of La. R.S. 14:81.
In his first sentencing, defendant was sentenced by the trial judge to four years at hard labor on each count, with the sentences to run consecutively. On appeal, in No. 18,715-KA, this Court reversed that sentence in an unpublished opinion (1987) because of the district court's failure to properly articulate the factual basis underlying the sentences imposed as directed by La. C.Cr.P. 894.1.
On remand, the identical sentence was imposed, and another appeal was taken. In 522 So.2d 1315 (La.App.2d Cir.1988), we again reversed the district court because of failure to comply with Article 894.1 and remanded with an order that a different judge resentence the defendant.
On the second remand, a different judge sentenced defendant to four years at hard labor on each count with the sentences to run consecutively after an extensive pre-sentence hearing wherein the defendant and the State interrogated witnesses and introduced documentary evidence. Judge Strong commendably provided a detailed factual basis for the sentences imposed upon the defendant.
Defendant appealed his sentences, reserving four assignments of error.
Assignment of Error No. 1
The sentencing judge erred in failing to recuse himself from conducting the hearing due to his personal feelings of resentment toward the Second Circuit for ordering this case be heard by someone other than the original trial judge after two reversals.
The Code of Criminal Procedure provides the grounds and the procedure by which a party may request the recusal of a judge. La.C.Cr.P. Articles 671, 672, 673, 674, 675.
A trial judge is presumed impartial and the burden is on the defendant to *351 prove otherwise. State v. Edwards, 420 So.2d 663 (La.1982); State v. Brown, 438 So.2d 1202 (La.App.3d Cir.1988), writ denied, 443 So.2d 1125 (La.1984). One seeking to recuse a judge on this basis must allege or provide a factual basis for his allegation of bias or prejudice and may not simply make conclusory allegations. State v. Edwards, supra; State v. Brown, supra; and State v. McCarty, 499 So.2d 292 (La.App. 1st Cir.1986), writ denied, 505 So.2d 56 (La.1987); State v. Murphy, 463 So.2d 812 (La.App.2d Cir.1985), writ denied, 468 So.2d 570 (La.1985). Failure to timely file a written motion to recuse waives this error. State v. Crothers, 278 So.2d 12 (La.1973), cert. denied, 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973).
The defendant did not make an oral or written motion for the recusal of the trial judge, but raises this issue on appeal as an assignment of error.
The defendant failed to allege an adequate factual basis to support a recusal of the trial judge.
A statement made by the sentencing judge constitutes no more than a verbalization of the personal discomfort he felt at having to "review" the correctness of the sentence imposed upon the defendant by one of his peers. Notwithstanding his discomfort, he specifically noted that he would "attempt to do so to the best of [his] ability."
Counsel for the defendant offers no support for his allegations that a pre-sentencing conference ever occurred between defense counsel, the assistant district attorney, and the judge. If he was concerned about the ramifications of the alleged events, his recourse was to make a statement on the record before the pre-sentencing hearing ever began.
Defendant failed to make an adequate factual presentation to rebut the presumption the trial judge was impartial. Moreover, he failed to make a motion for recusal, thus waiving any error. This assignment of error is without merit.
Assignment of Error No. 2
The sentencing judge erred in allowing into evidence the unsworn purported transcript of a statement by the alleged victim at the sentencing hearing without producing the alleged victim for cross-examination.
Assignment of Error No. 3
The sentencing judge erred in allowing the State to cross-examine the defense witnesses while refusing to allow the defense to cross-examine the victim.
Defendant's second and third assignments of error focus on questions of "evidence" introduced at the pre-sentencing hearing. The crux of his argument appears to be that the State should not have been permitted to introduce a transcript of the victim's statement without having her placed under oath and subject to cross-examination by the defendant and that, if such was to be the case, the State should not have been permitted to cross-examine the witnesses testifying on behalf of the defendant.
Sources of information from which a sentencing court may draw in determining the appropriate sentence are extensive and not subject to the restrictions imposed on admissibility in the guilt phase of the proceedings. State v. Williams, 412 So.2d 1327 (La.1982). The court may consider information from a wide range of sources including prior court proceedings, State v. Boatright, 406 So.2d 163 (La.1981), the pre-sentence report, juvenile records, State v. Tucker, 354 So.2d 521 (La.1978), conversations with the victim, State v. Telsee, 388 So.2d 747 (La.1980), and submissions by the defense counsel. The court may consider prior arrests and suspicions of criminal activity without actual proof the defendant committed other offenses. State v. Hatter, 338 So.2d 100 (La.1976).
Under La.C.Cr.P. Art. 875(B), the PSI is to include a victim impact statement if defendant's offense involves a victim. The victim here was residing at a juvenile home at the time the PSI was prepared and no statement regarding the instant offense *352 was available. At the time of the defendant's third sentencing hearing, the victim had reached the age of majority and had moved to Mississippi. Accordingly, the assistant district attorney's pre-trial interview conducted with the victim was introduced into evidence as a substitute for the victim impact statement which would normally appear in the PSI. This statement was corroborated by the testimony of the DHHR employee who had interviewed and counseled the victim and the younger step-daughter.
Here, the victim's statement to the district attorney submitted as a substitute for the victim's statement in the PSI falls well within these allowable sources of information.
The exclusion of testimony where the witness is not available for cross-examination does not apply to the victim statements in the PSI ... victims are not required to testify or be cross examined at sentencing hearings when they have made PSI statements. Since this statement was introduced as a substitute for the victim statement rather than as testimony in a trial on the merits, the lack of cross examination does not disallow the victim's "statement".
Defendant is entitled to access to the non-confidential portions of his pre-sentence investigation report (PSI) in order to ascertain the presence of any adverse information contained therein, State v. Underwood, 353 So.2d 1013 (La.1977). He has a right to examine those portions of the PSI prior to having the sentence imposed, State v. Bosworth, 360 So.2d 173 (La.1978). The defendant must be given an opportunity to deny or explain significant information. State v. Bosworth, supra; State v. Lahrmann, 475 So.2d 116 (La.App.2d Cir. 1985), affirmed on appeal, 499 So.2d 527 (1985). Notwithstanding this opportunity to rebut or explain the adverse or invalid information, defendant is not entitled to a full-scale evidentiary trial. State v. Bosworth, supra; State v. Collinsworth, 452 So.2d 285 (La.App.2d Cir.1984).
Defendant was given the opportunity to rebut or explain adverse information contained in the pre-sentence investigation and the victim's statement. It is the function of the trial judge to evaluate the information in the PSI in light of that rebuttal and to formulate a sentence after articulating an adequate factual basis. There is no merit to Assignments of Error 2 and 3.
Assignment of Error No. 4
The sentencing court erred in failing to consider the mitigating factors set forth in La.C.Cr.P. Art. 894.1 when imposing sentence, and in sentencing the defendant to a term of imprisonment that violates the 1974 Louisiana Constitution's prohibition of cruel, excessive and unusual punishments.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C. Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Judge Strong provided a lengthy and substantial articulation of reasons in support of the sentences imposed upon the defendant. Specifically, he reviewed the defendant's social, educational and employment *353 history in great detail. The sentencing judge commented favorably upon the defendant as a hard worker, one who worked long hours, and noted that the defendant had no prior criminal record.
On the other hand, the sentencing judge also noted that the crimes to which the defendant pled guilty are very serious and should be discouraged, a comment which impliedly considered the first two factors under La.C.Cr.P. Art. 894.1(B).
The sentencing judge also noted that the PSI reflected that the defendant was held in low esteem by members of the community, and that the defendant's wife and the victim were considered sexually permissive by the community. He considered the information that the defendant and the victim were seen together at night on frequent occasions, something which the defendant explained in terms of his having to drive the victim around in order to keep her from driving herself.
Finally, the sentencing judge noted in his opinion that the defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offense to which he pled guilty. Both of these considerations support the sentencing judge's conclusion that incarceration was necessary in this case. See La.C. Cr.P. Art. 894.1(A)(2)(3).
In summary, this time the sentencing judge properly complied with Article 894.1, giving the reviewing court an adequate basis for determining whether the sentences are excessive.
Our review must also determine whether the sentences imposed are too severe given the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So. 2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985).
The PSI and the sentencing judge both made references to the defendant's having pled guilty in order to avoid prosecution for similar behavior with the victim's sister. To that extent, the defendant derived benefits from pleading guilty and reduced his potential exposure accordingly.
Defendant could have been charged with La.R.S. 14:81.2, molestation of a juvenile, a more serious offense than indecent behavior with juveniles. La.R.S. 14:81.2 is identical to La.R.S. 14:81 except where the indecent behavior is committed under certain circumstances, i.e., "by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile." (emphasis added).
Were the defendant to have been charged with this statute in this instance or in the dismissed investigation, he would have been exposed to not less than one nor more than fifteen years, with or without hard labor on each count. Defendant could have faced up to thirty years incarceration on the two instant counts alone. Had additional charges been brought against the defendant concerning alleged improprieties with the younger step-daughter, potential *354 sentencing exposure would have been increased even more.
Even with the reduction in sentencing exposure, defendant was not given the maximum sentence to which he was exposed. At the time that the defendant was charged, La.R.S. 14:81 provided a maximum sentence of five years. Defendant received two consecutive sentences of four years at hard labor. In light of the seriousness of the offenses the sentences imposed upon the defendant are within the judge's discretion.
The imposition of consecutive sentences in this case is in accordance with La.C.Cr.P. Art. 883 since the defendant was charged with having committed the offenses on two separate occasions which were widely separated in time.
Decree
The sentences imposed upon the defendant were within the great discretion afforded the sentencing judge and the factual articulation to support these sentences was detailed.
For these reasons, defendant's sentences are
AFFIRMED.