FRED W. JONES, Jr., Judge.
The defendant, Hill, charged with molestation of a juvenile (La.R.S. 14:81.2), was convicted by jury of indecent behavior with a juvenile (La.R.S. 14:81), and was sentenced to six and one-half years at hard labor. Defendant appealed his sentence and asserts the trial court erred in failing to:
1) grant defense counsel adequate time to prepare for the sentencing hearing;
2) order a presentence investigation;
3) consider mitigating factors and by imposing an excessive sentence.
We find these assignments of error to be without merit for the following reasons and affirm the sentence.
Defendant’s long-time girlfriend occasionally stayed overnight with defendant at his home which he shared with his mother, two brothers and a sister-in-law. This included several nights in mid-April, 1987. The girlfriend brought her 18 month-old daughter on these occasions. The child slept on a loveseat inches from the twin bed shared by defendant and his girl friend.
In February, 1987 the child tested positive for vaginal gonorrhea. She was treated and cleared of the gonorrhea. In March, she was diagnosed as having venereal warts and she had chlamydia, a sexually transmitted disease, in her vagina, throat and rectum. In late April, 1987 the mother and child tested positive for gonorrhea. Defendant tested positive for gonorrhea on April 28, 1987.
During the investigation, defendant stated that on more than five occasions the girlfriend encouraged her child “to play with” defendant's penis while he was sleeping or intoxicated. At trial, he was not sure how many times it had happened. According to defendant and his family, he was never alone with the child except for a brief time on a morning when the girlfriend *557 locked defendant and the child in the bedroom while she went to the grocery store. Defendant said his brother let him out almost immediately.
The girlfriend testified that she and her 18 month-old daughter spent the nights of April 10-15, 1987, with defendant. She stated she left the child alone with defendant on three occasions during those dates. She also testified that after her child’s first diagnosis of gonorrhea she eliminated all males including her brothers, their friends and her stepfather from contact with the child. The exception was defendant. She explained she was overwhelmed by the child having VD and did not think defendant would be the person who did that. The girlfriend, who had studied to be an LPN, also stated she observed venereal warts on defendant’s penis in March and April, 1987. Defendant denied having had venereal warts that spring.
The medical testimony was that venereal warts are sexually transmitted by contact of mucous membrane to mucous membrane. Not highly contagious, venereal warts are believed to take repeated exposures for infection to occur. The incubation period can be as little as two weeks, but it is generally thought to be six weeks to eight months. Gonorrhea was described as sexually transmitted and highly contagious. The incubation period for gonorrhea was said to be two to seven days. Transmission of gonorrhea by nonsexual contact such as sharing bedding and towels was described as unlikely.
Defendant was convicted on November 17, 1988 and sentenced on December 2, 1988. At the sentencing, defense counsel pointed out he had only been informed at 4:30 P.M. the day before that sentencing had been set. When counsel asked to see the presentence report, he learned that the judge had not requested one and never intended to request one. Counsel said he had not had time to get anything prepared in his client’s behalf, but the only thing he would ask for would be the presentenee report. His requests for a presentence report and for additional time to prepare for sentencing were denied.
Defendant originally filed 12 assignments of error. Assignments of error 1 through 7 and 12 were neither briefed nor argued. Therefore they are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974).
Defendant argues that the trial court erred by failing to give adequate notice of the sentencing hearing and by failing to allow defendant additional time to prepare for the sentencing hearing. Defendant asserts that he was denied the opportunity to present to the court all pertinent information including his educational and employment history. The State correctly notes that there was not a “sentencing hearing” but a “sentencing”. The State also points out that the three days mandated in La.C. Cr.P. Art. 873 elapsed between conviction and sentencing. Further, there were no motions for a new trial or in arrest of judgment in this action.
Defense counsel’s request for more time to prepare was essentially a request for a continuance. However, defense counsel did not properly seek the continuance by a written motion. La.C.Cr.P. Art. 707 provides in pertinent part:
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based ...
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.
La.C.Cr.P. Art. 712 provides:
A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.
In State v. Guillory, 461 So.2d 492, 494 (La.App.3d Cir.1984), the defendant’s written motion for a continuance filed on the day of sentencing was denied. The court stated:
“Defendant’s motion, filed on the date of sentencing was not in proper form. It was not verified by affidavit and did not specifically allege the grounds on which it was based.
*558 Absent a clear showing of abuse of discretion, the denial of a continuance by the trial judge will not be disturbed. State v. Long, 408 So.2d 1221 (La.1982). There was no abuse of discretion by the trial judge.”
In State v. Ball, 482 So.2d 840 (La.App.2d Cir.1986), an attorney was appointed to represent the defendant on the day of sentencing. The attorney orally moved for a continuance because he had no opportunity to review the presentence report to determine its accuracy. This court found that the trial court abused its discretion in denying the oral motion for a continuance.
In the present case, defense counsel did have time to prepare a written motion for continuance, since he learned that the sentencing was set the afternoon before it actually took place. However, he did not learn until he appeared in court with the defendant for sentencing that there was no presentence report.
In State v. Rovira, 483 So.2d 1093 (La.App.4th Cir.1986), writ denied, 488 So.2d 195 (La.1986), the defense counsel did not specifically move for a continuance at the sentencing hearing, but stated that a witness he desired to testify concerning the defendant’s mental condition was out of town. The court denied the continuance on the ground the doctor had already testified at trial as to the defendant’s mental condition. This was held to be no abuse of the trial court’s discretion. The appellate court recognized that occurrences which make a continuance necessary arise unexpectedly and give defendant no opportunity to prepare a written motion for a continuance.
The defendant’s counsel in Rovira had 18 days from the date of the verdict until the date for sentencing. Here, the defendant’s counsel had 15 days from the date of verdict to prepare for sentencing, and was aware of the sentencing a day before it occurred. There was no showing to the trial court or in brief to this court concerning what information would be presented, other than a presentence report, nor did defendant show how he would be assisted by more time to do what should have been done prior to sentencing. This assignment of error is without merit.
In assignment of error No. 9, defendant urges that the trial court erred by failing to order a presentence report in this matter. In State v. Keleman, 444 So.2d 1328 (La.App.2d Cir.1984), writ denied, 447 So.2d 1069 (La.1984), the court stated:
“A presentence investigation may be ordered by the court, but it is not a right of the accused and is not mandatory. La.C.Cr.P. Art. 875. The purpose of a PSI is to aid the court in its sentencing decision. The defendant did not request a presentence investigation until the date of the sentencing hearing.... On this record, we do not find that it was an abuse of the trial court’s discretion to refuse to honor defendant’s belated request for a presentence investigation.”
We follow that reasoning and find this assignment of error to be without merit.
In assignments of error Nos. 10 and 11 the defendant alleges that the trial court erred by imposing an excessive sentence, and by failing adequately to take into consideration the mitigating factors of defendant’s youth and lack of a prior criminal record.
This court discussed these issues in State v. Higginbotham, 541 So.2d 348 (La.App.2d Cir.1989):
“The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. Art. 894.-1. State v. Lanclos, 419 So.2d 475 (La. *559 1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).”
The trial court discussed two of the three factors in La.C.Cr.P. Art. 894.1 A. He found that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of his crime. The trial court specifically discussed four of the factors set out in La.C.Cr.P. Art. 894.1 B. It was noted that defendant’s conduct caused serious physical harm to the child who contracted three venereal diseases. It also was noted that there is mental and emotional injury which may manifest itself later in the child’s life. The trial court stated that defendant should have contemplated that his conduct would threaten serious harm to the child. The court said there “were absolutely no grounds tending to justify or mitigate your criminal conduct.” The court found that because of the child’s extremely young age there was nothing the victim did to induce or facilitate the crime. Impliedly, the court rejected that defendant was acting under any provocation because of the child’s extremely young age.
The elements of defendant’s personal history referenced by the court were his age of 23 years and the fact that he had had no gainful employment for some time preceding the trial. His family ties, his marital status, and at least one aspect of his health were discussed at the trial, although the trial court did not mention them at sentencing. The trial court placed great emphasis on the seriousness of the offense but did not discuss whether defendant had a prior criminal record. In brief, defendant stated that he had no prior criminal record. At the trial his ex-girlfriend, who is the mother of the victim, referred to a time in 1982 when defendant was in jail which caused a break in their “dating” relationship. The likelihood of defendant’s rehabilitation was not discussed by the trial court. Although this was not a model compliance with La.C. Cr.P. Art. 894.1, the record shows that the sentencing judge adequately considered the guidelines of Article 894.1.
The second portion of the standard of review for excessiveness of sentence is also discussed in State v. Higginbotham, supra:
“Our review must also determine whether the sentences imposed are too severe given the circumstances of the case and the background of the defendant. A sentence violates La.Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).”
As discussed above, the sentencing judge placed great emphasis on the serious nature of the offense. He also noted that he had been “limited greatly by the jury’s verdict” of the lesser charge of indecent behavior with a juvenile as opposed to the original charge of molestation of a juvenile, the penalty for which is 15 years, a $10,000 fine, or both.
In State v. Crawford, 410 So.2d 1076, 1079 (La.1982) the Supreme Court stated:
“Although the trial judge did not particularize her reasons for imposing the maximum sentence by discussing all of the factors to be considered as set forth in the sentencing statute, she did state for the record why the sentence was imposed. The court declared that a maximum sentence was warranted in this case because of the brutal injuries sus *560 tained by the deceased infant who was incapable of having provoked such treatment. The court also noted that the jury had granted defendant all of the compassion she was entitled to by returning a verdict of manslaughter instead of the charged offense of second degree murder. The court obviously considered that any lesser sentence would deprecate the seriousness of the offense under the circumstances.
The record contains sufficient information on which this court can review the severity of the sentence. Also, the sentence imposed is within the penalty by statute for the offense and is not clearly excessive in view of the brutal injuries inflicted and lack of any mitigating circumstances. Therefore, we do not find it necessary to remand for further compliance by the trial court with sentencing guidelines. State v. Day, 391 So.2d 1147 (La.1980).”
Following the reasoning of Crawford, we find that the trial court adequately made clear why the six and one-half year sentence was imposed. It is clear that the trial judge felt the repugnant nature of the offense warranted stern punishment for this particular defendant. The sentence was within the trial court’s great discretion. These assignments of error are not meritorious.
For all the reasons above, the sentence is AFFIRMED.