597 So.2d 1096 (1992)
STATE of Louisiana, Appellee,
v.
Johnny McNAIR, Appellant.
No. 23487-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
*1098 John Michael McDonald, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Dan Keele, Tommy J. Johnson, Asst. Dist. Atty., Shreveport, for appellee.
Before MARVIN, VICTORY and BROWN, JJ.
VICTORY, Judge.
Defendant, Johnny McNair, was charged with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A)(1). He was subsequently convicted of attempted possession with intent to distribute by a twelve person jury. The trial court sentenced him to the maximum term of 15 years at hard labor. Defendant appeals his conviction and sentence asserting 14 assignments of error. We affirm both the conviction and sentence.

FACTS
The Shreveport police received information on March 9, 1989 that cocaine was being sold from 3829 Jackson Street. Using a confidential informant, a controlled purchase was conducted at the residence. The informant entered the house and, using marked money, bought a rock of cocaine from two men in the house.
The police obtained and executed a search warrant approximately three hours *1099 later. Upon entering the house, the officers heard people running and one caught a glimpse of a man entering the bathroom. While yelling at them to stop, the officers heard the toilet flush. Once entering the bathroom, the officers saw two men standing over the toilet in which U.S. currency was swirling. The currency, some of which was seized, was the marked money used in the earlier controlled purchase. The police also found two loaded semi-automatic weapons, a Tech 9 and a Colt .45, in the living room, a razor blade and one rock of cocaine in the bathroom, a rock of cocaine in the bedroom, and approximately 50 rocks of cocaine behind the television.
The men gave their names as Roderick George and Chris Jackson. It was stipulated at trial that Roderick George later pled guilty to attempted possession of cocaine with intent to distribute. Chris Jackson, who was later discovered to be the defendant, Johnny McNair, claimed to be from Oklahoma. The police department ultimately determined that McNair was from Los Angeles, California.
Following a trial by jury, defendant was convicted and sentenced to the maximum term permissible for attempted possession of cocaine with intent to distribute, 15 years, and this appeal followed.

DISCUSSION
Assignments Nos. 1 and 2
In these assignments, defendant argues the trial court erred in overruling his objections during Officer Shannon's testimony. When Officer Shannon was asked how he initially made contact with defendant, he stated, "We had received information that crack cocaine was being sold from the residence." Defense counsel objected on the grounds of lack of foundation (assignment no. 1) and hearsay (assignment no. 2).
When a law enforcement officer testifies concerning events leading to the arrest of a defendant, statements made to him by others during the course of the investigation are not hearsay, if they are not offered for the truth of the matter asserted, but merely to explain events leading to the arrest of the defendant. State v. Morris, 521 So.2d 1214 (La.App.2d Cir. 1988), writ denied, 530 So.2d 80 (La.1988).
Information received by a police officer during an investigation frequently has an impermissible hearsay aspect as well as a permissible nonhearsay aspect. When such information is used at trial, the issue of relevancy becomes significantly interrelated with the hearsay issue. In determining admissibility, the court should balance the need for the evidence against the danger of improper use by the jury. McCormick on Evidence, § 249 (E. Cleary 3d ed. 1984); State v. Wille, 559 So.2d 1321 (La. 1990). According to the Louisiana Supreme Court, in State v. Wille, supra at 1331:
If the nonhearsay content of the statement has little or no relevance, then the statement should generally be excluded on both relevance and hearsay grounds. Marginally relevant nonhearsay evidence should not be used as a vehicle to permit the introduction of highly relevant and highly prejudicial hearsay evidence which consists of the substance of an out-of-court assertion that was not made under oath and is not subject to cross-examination at trial.
Since Officer Shannon's testimony was offered at a trial, as opposed to a motion to suppress hearing, the propriety of his actions during the investigation was not at issue. The explanation of why Shannon focused on the Jackson Street residence has only marginal relevance to the nature of defendant's charges. Considering the possible prejudice of this evidence of another crime, the statement should have been excluded as hearsay and irrelevant.
Nevertheless, the conviction need not be reversed if, on appeal, the court finds beyond a reasonable doubt that the statement did not contribute to the verdict. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Griffin, 568 So.2d 198 (La.App.2d Cir. 1990). It is clear from the record that the prosecutor did not elicit this hearsay testimony; *1100 Shannon's testimony was not responsive to the question asked. Shannon's statement did not link defendant to drug distribution at 3829 Jackson Street, did not give any details of the drug operation, and did not state when cocaine had been sold out of the residence. Furthermore, the defendant was not shown to have owned or even resided at 3824 Jackson Street at any time, nor was he shown to have been present there at the unspecified date referred to in Shannon's statement. Under these circumstances, we find the admission of Shannon's statement harmless error beyond a reasonable doubt.
Assignment No. 3
Defendant claims the trial court erred in sustaining the state's objections to questions concerning the dismissal of Officer McKeaver from the Shreveport Police Department. Defense counsel asked Shannon several times whether Officer McKeaver, a member of the entry team, was still with the police department. The trial court sustained each objection on grounds of relevancy and lack of foundation. When defense counsel asked Shannon if McKeaver had been involved in other investigations, the court sustained another objection on grounds of relevancy.
On appeal, counsel claims he was trying to determine whether McKeaver had been dismissed from the police department for planting evidence. However, he failed to explain this basis for inquiry on the record. According to LSA-C.E. Art. 103, error may not be predicated upon a ruling excluding evidence, unless the substance of the evidence was made known to the court by counsel. In brief only, defendant argues that if his guess was correct there is a potential that all evidence obtained against the defendant is tainted.
Defense counsel did not establish his claimed purpose or relevancy during trial and has not shown any prejudice or error on appeal. Because defense counsel made no offer of proof, we know little of his theory of relevancy. Generally, evidence of other wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. LSA-C.E. Art. 404(B)(1). Because defendant failed to establish a specific independent relevance (i.e., motive, opportunity, intent, etc.) for introducing evidence of McKeaver's character, defendant's line of questioning was properly excluded.
Defendant's argument on appeal is mere speculation and is contradicted by Officer Shannon's testimony that no one planted any drugs, weapons, or money during the investigation of this case. Because a trial judge is vested with wide discretion in determining relevancy of evidence, his ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981). For these reasons, this assignment is without merit.
Assignments Nos. 4, 5, 6, and 7
Defense counsel argues the trial court erred in overruling objections to the admission of various items of evidence, specifically a Tech 9 semi-automatic pistol (S-3), a Colt .45 semi-automatic pistol (S-4), the clip for the Tech 9 (S-5), the clip for the Colt.45 (S-6), photographs of the weapons (S-7, S-8), a photo of a rock of cocaine (S-9), photos of the floor with several rocks of cocaine (S-10, S-11), an evidence bag (S-12), a bag containing several rocks of cocaine (S-13), a bag containing one rock of cocaine (S-14), and a piece of foil which contained rocks of cocaine (S-15).
Although defense counsel did not object to the admission of S-7 through S-15 during the trial, he assigns as error no. 6 the admission of S-3 through S-15 "over objection." An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. State v. Jackson, 523 So.2d 251 (La.App.2d Cir.1988), writ denied, 530 So.2d 565 (La. 1988); LSA-C.Cr.P. Art. 841. Because defense counsel failed to object to the introduction of S-7 through S-15, we will not consider this contention of error on appeal.
Assignment no. 7 is a restatement of defense counsel's objection to the introduction *1101 of S-3 through S-6, which were filed into evidence prior to the objection. The grounds for this belated objection were prejudice and lack of foundation.
Officer Shannon testified weapons are commonly associated with drug operations for security reasons. Thus, the weapons, including their clips and ammunition, were relevant to show that a drug distribution operation was in effect at the time and location of defendant's arrest. Defendant was charged with possession with intent to distribute. The weapons obviously were introduced to attempt to show defendant's intention to protect the cocaine, the proceeds of sale, and the entire drug operation. Finding no abuse of discretion and no showing of undue prejudice, these assignments lack merit.
Assignments Nos. 8 and 9
In these assignments, counsel argues the evidence was insufficient to support the verdict, and that the circumstantial evidence presented did not exclude every reasonable hypothesis of innocence. He also argues the state failed to prove defendant owned the house, that since Roderick George pled guilty to attempted possession with intent to distribute, he was the one who was selling cocaine, and that the evidence only proved defendant was in the wrong place at the wrong time.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Magouirk, 561 So.2d 801 (La.App.2d Cir.1990).
Where the conviction is based on circumstantial evidence, LSA-R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. However, the statute does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula. LSA-R.S. 15:438 is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Heck, 560 So.2d 611 (La.App. 4th Cir.1990), writ denied, 566 So.2d 395 (La.1990).
To support a conviction of possession, the state must prove the defendant possessed an illegal drug, and that he did so knowingly. State v. Matthews, 552 So.2d 590 (La.App.2d Cir.1989), writ denied, 559 So.2d 137 (La.1990). The state need not prove that the defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Moore, 490 So.2d 588 (La.App.2d Cir.1986), writ denied, 494 So.2d 1175 (La.1986). Constructive possession means having a relationship with an object such that it is subject to one's dominion and control, and that the person has knowledge of its presence, even though it is not in his physical possession. State v. Perez, 569 So.2d 609 (La.App.2d Cir.1990), writ denied, 575 So.2d 365 (La. 1991); State v. Matthews, supra. Also, a person may be deemed to be in joint possession if he willingly and knowingly shared with a companion the right to control it. State v. Trahan, 425 So.2d 1222 (La.1983). Active cooperation in an attempt at drug disposal is adequate evidence to prove dominion. State v. Johnson, 404 So.2d 239 (La.1981), citing United States v. Jackson, 423 F.2d 506 (9th Cir.1970).
Guilty knowledge is an essential element of possession of a controlled dangerous substance. Mere presence in the area is not sufficient to support a finding of guilt, but the fact finder may draw reasonable inferences based on the evidence presented at trial. State v. Matthews, supra.
Where intent to distribute a controlled dangerous substance is at issue, the trier of fact may consider whether the defendant actually distributed or attempted to distribute the drug, whether it was in a form usually associated with possession for distribution, whether the amount was such as to create a presumption of attempt to distribute, whether the amount found on the defendant was inconsistent with personal use, and whether there was any paraphernalia such as baggies or scales evidencing an intent to distribute. State v. *1102 Hunt, 568 So.2d 1104 (La.App.2d Cir.1990), writ granted in part 573 So.2d 1130, denied in part, 580 So.2d 914, citing State v. House, 325 So.2d 222 (La.1975).
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended. Mere preparation to commit a crime is not sufficient to constitute an attempt. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt. LSA-R.S. 14:27.
The evidence indicated both occupants of the house ran to the bathroom and were in the process of destroying evidence of drug trafficking when the police entered the house. The jury was aware that three hours earlier a confidential informant had purchased cocaine from two men within the residence. The defendant was standing over the money being flushed down the toilet, and he was only one foot away from a razor blade and a rock of cocaine both of which were on the floor. No evidence was presented to suggest defendant was using the toilet for its intended purpose.
The police found a cocaine rock in the northeast bedroom, a bag of rocks in the living room behind a television set, and rocks scattered on the floor near the TV. In all, approximately 50 rocks were seized, and later determined to be cocaine. Semi-automatic pistols were found in plain view in the living room, where most of the cocaine was found.
After defendant was advised of his rights, he told police that a friend, whose name he could not remember, had dropped him off at the house. Although he claimed to have lived in Shreveport for two years, he could not remember his address, nor name the nearest large street (Jewella), or any of the major streets in the city. He gave a false name of Chris Jackson and claimed he was originally from Norman, Oklahoma.
Officer Shannon testified that in his many years of law enforcement experience with drug cases he had never seen users possess more than five rocks at one time. He asserted that the presence of more than four dozen rocks of cocaine indicated a distribution operation. He testified that the usual weapons encountered in such operations were Tech 9's and Mac 10's, which are semi-automatic pistols. Paraphernalia, such as razor blades, is commonly found in places where drugs are distributed, according to Shannon.
Thus, the evidence viewed in the light most favorable to the prosecution showed that defendant was present in a house being used as a distribution point for crack cocaine. A large quantity of drugs was present in plain view, as well as tools of the trade and weapons to protect the drugs and the proceeds of sale. Defendant's close proximity to the drugs which were in plain view indicate constructive possession. Defendant exhibited his guilty knowledge when he fled to the bathroom to destroy, or assist in the destruction of, the evidence of drug trafficking. His active cooperation in an attempt to dispose of the drugs and money is sufficient to prove defendant had dominion over the drugs. The fact that no cash was found on defendant can be explained by the money in the toilet. The jury did not accept defendant's hypothesis of innocence, that he was merely in the wrong place at the wrong time.
The evidence, viewed in the light most favorable to the prosecution, shows beyond a reasonable doubt, and to the exclusion of any reasonable hypothesis of innocence, that defendant did constructively possess cocaine in such large quantity and under such circumstances as to show his intent to distribute same. Thus, the jury's verdict on the lesser grade of attempted possession with intent to distribute is supported by the evidence. These assignments lack merit.
Assignment No. 10
Defense counsel argues the jury's verdict was not in proper form, without giving *1103 any reasons for his argument. He did not object when the trial court told the jury what the responsive verdicts were, nor did he object when the verdict was read, or when the jury was polled. See LSA-C.Cr.P. Art. 841. Because there is no explanation on the record as to improper form, this assignment lacks merit.
Assignments Nos. 11, 12, and 14
In these assignments, counsel argues the maximum sentence imposed is excessive and that the reasons for sentencing were inadequate and irrelevant. Defendant also argues that the trial court allowed improper references to prior criminal activity in violation of defendant's Fifth Amendment rights. He claims he was not allowed to challenge and cross-examine the people who provided information in the presentence investigation report.
Defendant's right to confrontation is a trial right. U.S. Const. amend 6; La.Const. art. 1 § 16. For purposes of sentencing, the court may draw from sources beyond mere convictions, including juvenile adjudications. State v. Higginbotham, 541 So.2d 348, (La.App.2d Cir.1989), amended and affirmed on other grounds, 556 So.2d 28 (La.1990). The court may consider prior arrests, and suspicions of criminal activity (hearsay) without actual proof the defendant committed other offenses. State v. Hatter, 338 So.2d 100 (La.1976).
Defendant is entitled to have access to the non-confidential portions of his presentence investigation report in order to ascertain the presence of any adverse information contained therein. State v. Underwood, 353 So.2d 1013 (La.1977). He must be given an opportunity to deny or explain significant information contained in the report. State v. Bosworth, 360 So.2d 173 (La.1978). In order to rebut information contained in such a report, a showing must be made that false and prejudicial information was contained therein. State v. Davis, 528 So.2d 615 (La.App.2d Cir. 1988), writ denied, 531 So.2d 472 (La.1988).
Although defendant was given the opportunity to rebut or explain adverse information contained in the presentence investigation, he declined to do so. He offered no evidence to contradict his juvenile record from Los Angeles, and never claimed he did not have access to the information obtained during the presentence investigation. Although defense counsel argued there was no basis for the police information linking defendant to the Rolling Sixties Crips, he failed to show that the information was false. Defendant must show proof that the report contained false information materially prejudicial to the defendant. Absent such proof, there is no error. State v. Boone, 364 So.2d 978 (La. 1978), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); State v. Berain, 360 So.2d 822 (La.1978).
In determining whether a sentence imposed is excessive, the sentencing court must consider two interrelated criteria. First, the record must reflect that the trial court considered the factors set forth in LSA-C.Cr.P. Art. 894.1. The judge is not required to list every aggravating or mitigating circumstance as long as the record reflects adequate consideration of the guidelines. State v. Smith, 433 So.2d 688 (La.1983).
After determining whether the trial court has complied with the provisions of LSA-C.Cr.P. Art. 894.1, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
It is well settled that the trial court is given wide discretion in imposing a sentence within the statutory limits and such a sentence will not be set aside as excessive absent manifest abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983). A trial court is not required to suspend a sentence or grant probation for every first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984).
*1104 As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La. App.2d Cir.1988). However, this maximum sentence rule is more difficult to apply in contraband possession cases than in cases involving violent offenses, and past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Mayweather, 556 So.2d 200 (La.App.2d Cir.1990).
Prior to the sentencing hearing, the trial court obtained defendant's records from Los Angeles, which revealed defendant's juvenile and misdemeanor convictions. Defendant had a "sordid" criminal record in Los Angeles which included a 1986 juvenile petition for transferring and selling controlled dangerous substances, and a 1987 petition for possession of marijuana and hashish for sale. He was arrested for the current offense on March 9, 1989 and while awaiting trial a search warrant was executed in his home which resulted in the seizure of cocaine and a .357 magnum pistol. In July 1989, he was charged in Los Angeles with possession of marijuana and hashish for sale and with carrying a concealed weapon. He was later convicted of the weapon charge. In December 1989, he was arrested in a raid on the Martin Luther King Fun Center, which is known as a gang hangout and a location for drug sales. He was found in possession of a Glock 9mm with a 17 round clip, and later convicted of carrying a concealed weapon, and of misrepresenting himself at booking. He actually spent four months in jail on those charges while pending trial on the current charge. When arrested on the current charge, defendant again gave a false name.
The sentencing transcript reflects a full discussion of the evidence presented at trial. The court was of the opinion that the evidence supported a verdict of guilty as charged, and therefore concluded the defendant's exposure to imprisonment was greatly reduced.
During the sentencing hearing, defense counsel objected to the police report which stated defendant was a member of the Rolling Sixties Crips, a local gang, but never offered any testimony to the contrary. The court noted that defendant's behavior in Los Angeles and Shreveport was consistent with the behavior of gang members. Defendant had no known address in Shreveport and gave the probation officer a false address. He told police he was from Oklahoma, and that he had been in Shreveport for two years, both of which were obviously false statements.
In considering the factors enumerated in Article 894.1, the trial court found an undue risk of criminal conduct if the sentence was probated, that the crime committed threatened serious harm, that every time defendant had been arrested he possessed a loaded weapon, and that he acted without provocation, excuse, or justification. According to the court, defendant's conduct was likely to recur, and his actions revealed a propensity to hide his criminal nature. The court noted defendant, 21 years of age, was not married, had no dependents, and no family in the local area.
The court felt that, based on defendant's criminal history of possessing weapons and drugs with the intent to distribute, he deserved the full punishment allowed by law, noting that he would be eligible for parole after serving one-third of his sentence due to his status as a first felony offender. The court then imposed a sentence of 15 years at hard labor with credit for time served.
The record shows adequate compliance with the guidelines and adequate articulation of reasons for particularizing the sentence to this defendant. The maximum sentence imposed is not excessive considering the defendant's background. Finding no abuse of the trial court's broad discretion, these assignments have no merit.
Assignment No. 13
Finally, counsel assigns all errors patent "on the face of the record." The record has been examined and no errors patent were noted.

*1105 DECREE
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.