SAVOIE, Judge.
Randy M. Baudoin was charged by bill of information with driving while intoxicated, third offense, a violation of La.R.S. 14:98. He was tried by a jury, which convicted him as charged. The trial court imposed a sentence of three years at hard labor. Defendant appealed, alleging two assignments of error, as follows:
1. The evidence is insufficient to sustain the verdict.
2. The court imposed an excessive sentence.
FACTS
Defendant was charged following a two-car accident in the parking lot of a convenience store in Houma, Louisiana. The accident occurred shortly before 1:00 a.m. As he attempted to drive his car from the parking lot, defendant hit a parked vehicle driven by Darlene Price and locked the left front wheel of his car to the rear fender of Ms. Price’s vehicle. The cars were eventually separated by a tow truck.
The victim called the police to investigate the incident. Because defendant smelled strongly of alcohol and behaved in a manner which the investigating officers believed to be consistent with alcohol abuse, defendant was asked to take a field sobriety test and a photoelectric intoximeter (PEI) test. He refused to take either test. Thereafter, he was arrested for driving while intoxicated. After the two prior convictions for that offense were discovered, the charge was amended to third offense driving while intoxicated.
SUFFICIENCY OF THE EVIDENCE
In defendant’s first assignment of error, he submits that the evidence is insufficient to sustain the verdict. Defendant contends that the state failed to prove he was intoxicated because one of the state’s witnesses, Darlene Price, testified that defendant did not appear to her to be drunk and, further, because the investigating officers waited approximately one-half hour before they asked him to take the field sobriety and PEI tests. Defendant claims this delay indicates that he must not have readily appeared to be intoxicated or the officers would have made the request earlier.
The proper procedural vehicle for raising the issue of the sufficiency of the evidence is by a motion for a post-verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Britt, 510 So.2d 670, 672 (La.App. 1st Cir.1987). No such motion was filed herein. However, despite defendant’s failure to proceed properly, a reviewing court must consider the evidence, when briefed pursuant to an assignment of error, to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in La.C.Cr.P. art. 821. The standard set forth in that article is whether or not, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
The state presented the testimony of Patrolman Rietta Hart, the first officer who appeared on the scene, and Patrolman *909 Lawrence Hogenstad, who came by to back-up Patrolman Hart. Patrolman Hart testified that she responded to a request for assistance to investigate an accident in the convenience store parking lot. As soon as she arrived on the scene, defendant approached her unit and told her that the accident had occurred on private property and that he did not want a police investigation. At that time, she was still seated in her vehicle; and she had to lean back because the smell of alcohol about defendant was so strong. When she emerged from her unit, defendant became extremely belligerent and abusive toward her. She further noted that defendant’s speech was slurred, his stance was unsteady, and his eyes were bloodshot.
Patrolman Hart testified that, despite defendant’s obvious aversion to investigation, she remained on the scene because it appeared to her that Ms. Price, the driver of the other vehicle, did not want her to go. She began the investigation by checking out the scene and requesting identification from both drivers. Thereafter, she asked defendant to take a field sobriety test; but he refused. She arrested defendant approximately one-half hour after she first arrived on the scene.
On cross-examination, defendant asked Patrolman Hart why she waited to request that he take the field sobriety test since she detected the aroma of alcohol about him as soon as she arrived on the scene. Patrolman Hart testified that she waited because she wanted to watch him for a little while; although she believed from the beginning that he was drunk, she wanted to be sure.
Patrolman Hogenstad testified that he had been a police officer for approximately ten years at the time of this incident. He testified that he went to the scene to check on Patrolman Hart, and he saw one of the drivers “cursing and just giving everybody a hard time in the parking lot.” After watching for a few minutes, Patrolman Ho-genstad left his unit to see if he could figure out a way to separate the cars. He smelled alcohol on defendant’s breath, and he saw defendant staggering as he walked around the parking lot. Patrolman Hart asked him to take a field sobriety test; and defendant refused, saying that he had not been drinking. After defendant was arrested and transported to the police station, Patrolman Hart requested Hogenstad to administer a PEI test; but defendant refused to take it.
Darlene Price also testified on the state’s behalf. She related that she parked her car in the parking lot and began to search for something in her purse. She saw defendant walk out of the store and get into his car. He drove his car into her fender before she had a chance to get out of it.
Ms. Price testified that defendant was not stumbling or “walking sideways” when he came out of the store. Although she related (over the state’s objection to the opinion testimony) that she did not believe defendant was drunk, she further testified that she did not speak to him or closely approach him that night.
Defendant testified on his own behalf. He claimed that he had consumed only one beer that evening and that he did not take the field sobriety or PEI tests because he did not feel that he needed to do so. He later claimed that he did not believe the tests were accurate.
Although he could not remember whether or not he had worked that day, defendant testified that he was occasionally exposed to a powder at work which could have aggravated his eyes. He claimed that he was angry because the victim had called the police and that he strongly objected to the intervention of the wrecker crew because he did not want to pay for them to disengage his car.
Defendant’s father, a retired state trooper, also testified on his behalf. He testified that, in his experience, police officers called to the scene of an accident on private property compiled an incident report. He further related that defendant had made a serious effort to stop driving after he had been drinking following his two earlier convictions for driving while intoxicated.
The trier of fact can accept or reject, in whole or in part, the testimony of any witness. State v. Neidlinger, 560 So.2d *910 526, 529 (La.App. 1st Cir.1990). Herein, the jury obviously accepted the testimony of two experienced police officers, who testified that they detected the strong aroma of alcohol about defendant's person and that his appearance, actions and manner indicated to them that he was intoxicated, and rejected defendant’s claim that he had consumed only one beer and acted in a peculiar manner because of his aggravation that the accident had occurred. Despite defendant’s contention that Ms. Price’s testimony confirmed that he was not intoxicated, we note that she specifically testified that she did not talk to defendant or approach him closely, as did the officers. Therefore, we find the evidence sufficient to sustain the verdict; and we find no merit to this assignment of error.
EXCESSIVE SENTENCE
Defendant further claims that the court imposed an excessive sentence. The court sentenced defendant to serve three years at hard labor. Defendant claims this sentence is excessive because it is in the upper range of the sentences that can be imposed for this offense. Defendant further claims the sentence is excessive in light of defendant’s youth and the fact that he is the sole support of his two minor children. Finally, although apparently recognizing the trial court’s discretion in the determination of whether or not to order a pre-sentence investigation report, defendant contends that the court should have requested one in this case.
The maximum sentence that can be imposed for a conviction of third offense driving while intoxicated is five years at hard labor. The minimum term that the court can impose is one year at hard labor. La. R.S. 14:98 D further requires that at least six months of the term be served without benefit of probation, parole or suspension of sentence.
In imposing sentence, the trial court noted that defendant had consistently denied his guilt, that he had refused to take either the field sobriety test or the PEI, and that he had totally refused to cooperate with investigating officers, arguing that a police investigation was not required because the accident occurred on private property. The court further noted that, since defendant’s father is a retired state trooper, defendant should have had more respect for law enforcement officers. Finally, the court considered the sentencing criteria of La. C.Cr.P. art. 894.1 and found that defendant’s conduct was unprovoked and had caused harm to an innocent victim and that defendant had failed to learn from the two prior convictions. Noting that imprisonment always creates some hardship, especially on the family, the court further noted that imprisonment is statutorily required for this offense.
Herein, although defendant claims that the court failed to consider that he is the sole support of his two minor children from a prior marriage, both defendant and his father testified that defendant has a sporadic work history. Moreover, although he testified that he contributed to the support of the children, the record does not reflect that defendant is the sole support of them; and, in light of his erratic work history, that claim appears unlikely.
The trial court has wide discretion in the imposition of sentence and, given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, a sentence within statutory limits will not be set aside absent an abuse of that discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984). While the trial court need not articulate every mitigating and aggravating circumstance presented in La.C.Cr.P. art. 894.1, the record must reflect that the judge adequately considered the guidelines in particularizing the sentence to the defendant. We find no abuse of discretion herein.
PATENT ERROR
We note that the sentence imposed by the trial court is illegally lenient. La. R.S. 14:98 D requires that at least six months of the sentence imposed for driving while intoxicated, third offense, is to be served without benefit of probation, parole or suspension of sentence. Although the trial court noted that requirement as it *911 explained its reasons for imposing sentence, the sentence actually imposed is not so qualified. However, although we note the error, this Court is not permitted to order the sentence corrected. See State v. Fraser, 484 So.2d 122 (La.1986).
CONVICTION AND SENTENCE AFFIRMED.