h STEWART, J.
The defendant, Kenneth Ray Watkins, was charged with possession of cocaine, a violation of La. R.S. 40:967. A unanimous jury found the defendant guilty as charged and the trial court denied a motion for post-verdict judgment of acquittal. Thereafter, the trial court sentenced the defendant to serve four years at hard labor. The court denied a timely motion to reconsider sentence and this appeal followed. We hereby affirm the defendant’s conviction and sentence.
FACTS
On January 14, 1998, Officers David Derrick and Jason Brook of the Shreveport Police Department were checking known drug locations. They were accompanied by two deputies from Sabine Par *667 ish, who were present to observe. On that day in the Hollywood Heights area, the officers testified that they observed the defendant walking and saw him throw down a plastic bag after observing their semi-marked police unit. Furthermore, the officers testified that a plastic bag containing cocaine and marijuana was recovered from the ditch where the defendant had thrown a plastic bag. The defendant was arrested and initially charged with possession of cocaine and marijuana with the intent to distribute. The bill of information was amended to charge the defendant with possession of cocaine in violation of La. R.S. 40:967. The defendant was found guilty and was sentenced to serve four years at hard labor with credit for time served. A motion to reconsider sentence was filed and denied. Subsequently, this appeal ensued.
DISCUSSION
By assignment of error, the defendant contends that the evidence adduced at trial was not sufficient to convict him of the offense of possession of cocaine. In making his argument, the defendant fails to specify any particular shortcoming in the state’s case. The defendant seems to suggest that the evidence was inadequate to prove he threw an object to the ground which turned out to 1 {.contain a small quantity of cocaine. In his motion for post-verdict judgment of acquittal, the defendant argued that there was no proof that the defendant knowingly possessed cocaine and there was no proof the bag the police picked up was the same bag that the defendant discarded.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir. 4/2/97), 691 So.2d 347, unit denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (LaApp. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir. 5/8/96), 674 So.2d 1018, unit denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
To support a conviction of possession of a controlled dangerous substance, the state must prove the defendant possessed an illegal drug and that he did so | ¡¡knowingly. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990).
Evidence of flight, concealment and attempt to avoid apprehension is relevant. It indicates consciousness of guilt. State v. Davies, 350 So.2d 586 (La.1977); State v. Morris, 521 So.2d 1214 (La.App. 2d Cir.), writ denied, 530 So.2d 80 (La.1988).
In this case, the evidence shows that on the day in question, the police, who were in a semi-marked police car, saw the defendant and another man walking on Dowdell Street. As the police drove up, the defendant tried to put something into his waist band. The defendant then dropped a clear plastic bag and a bottle of orange juice into *668 a ditch. According to the evidence, the defendant was about 20 feet from Officer Derrick when the drop took place.
The testimony of Officers Derrick and Brook is consistent. They both saw the defendant try to conceal something, which indicates guilty knowledge, and then drop or toss a bag into a ditch. Brook watched where the bag fell and went directly to retrieve it after the frisk. There was no other bag in the ditch. The contents of the bag were identified as cocaine. We believe that this evidence is sufficient to prove beyond a reasonable doubt that the defendant knowingly possessed cocaine. Therefore, this assignment of error has no merit.
By assignments of error, the defendant argues that the sentence imposed by the trial court was harsh and excessive. He further urges that the trial court’s denial of his motion to reconsider sentence was error. Because his motion to reconsider sentence only raised an excessive sentence claim, the defendant is relegated to a claim of constitutional excessiveness on appeal. La.C.Cr.P. art. 881.1; State v. Mims, 619 So.2d 1059 (La.1993). In State v. Mims, supra, the Supreme Court of Louisiana held that under La. C.Cr.P. art. 881.1, the defendant must file a motion to reconsider and set forth the “specific grounds” upon which the motion is based in [4order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.
Specifically, the defendant argues that the trial court failed to adequately comply with the provisions of La.C.Cr.P. art. 894.1 in imposing sentence. The defendant asserts that the trial court did not make any mention of the defendant’s personal history and only vaguely outlined his criminal history. We disagree and find that the sentence imposed upon the defendant was not excessive. Moreover, we find that the trial court adequately complied with the provisions of La.C.Cr.P. art. 894.1 in imposing sentence.
The test imposed by the reviewing court in determining the exces-siveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894 1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, | ¡¡seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988).
Past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.), writ denied, 605 So.2d 1113 (La.1992).
*669 After determining whether the provisions of La.C.Cr.P. art. 894.1 have been complied with by the trial court,, the re-r viewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
A sentence is unconstitutionally excessive and, thereby, violates La. Const. 1974 Art. 1, Sec. 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App.1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
| sin this case, the trial court considered a PSI report. The defendant had no objections to the contents of the report. The trial court noted that the defendant had a lengthy criminal record of misdemeanor convictions dating back several years. He also had several outstanding bench warrants for failure to appear. Therefore, he would not be an appropriate candidate for probation.
The trial court believed the offense of conviction to be a serious offense. The defendant was in need of correctional treatment. Any lesser sentence would deprecate the seriousness of the offense. There was no excuse or justification. The defendant’s criminal conduct was likely to recur. There was no showing that imprisonment would entail an excessive hardship on defendant or on anyone else. After a hearing on the defendant’s motion for reconsideration of sentence, the court denied the motion.
We agree with the trial court and hold that the sentence imposed upon this defendant, age 44, is not constitutionally excessive. He has an extensive record of criminal conduct. He was charged with simple burglary in 1974 at age 18, but pled guilty to a reduced charge of receiving stolen goods. He was convicted of misdemeanor theft in 1978. He had bond forfeitures in 1979 for simple burglary and resisting an officer. His record also includes: a 1981 conviction for illegal carrying of a weapon; a 1982 conviction for issuing worthless checks; 1984 convictions for simple battery, theft by shoplifting, misdemeanor theft (bargained down from felony theft), three bench warrants on theft charges, and a DWI; a 1985 conviction for simple burglary as charged; 1987 convictions for driving under revocation and theft by shoplifting; 1989 convictions for battery on a police officer and resisting an officer; 1990 convictions for theft and remaining after forbidden; and convictions in 1993 for theft, two counts of distribution of cocaine, possession of marijuana and possession of drug paraphernalia.
|7In the past, he had probation revoked four times. His only verified employment was during 1991 at a nursing home. He completed high school and acquired technical training as a nursing assistant. He is unmarried and has no dependents. In sum, the defendant is a career criminal and a third felony offender.
After careful review of the record, including defendant’s personal history and prior criminal record just discussed, we find that there exists an adequate factual basis for the sentence imposed. The sentence imposed upon the defendant by the *670 trial court is not constitutionally excessive. Furthermore, there is no showing that the trial court abused its discretion. These assignments of error also lack merit.
CONCLUSION
Based on the foregoing, we hereby affirm the defendant’s conviction and sentence.
AFFIRMED.