907 So.2d 868 (2005)
STATE of Louisiana, Appellee
v.
David Lee CARMACK, Appellant.
No. 39,823-KA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
*870 Louisiana Appellate Project, by Carey J. Ellis, III, Carlos Prudhomme, Shreveport, for Appellant.
Paul J. Carmouche, District Attorney, Dale G. Cox, Donna Frazier Hall, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Defendant, David Lee Carmack, was convicted of possession of cocaine, a violation of La. R.S. 40:967. He was sentenced as a second-felony offender to two and one-half years without benefit of probation or suspension of sentence.[1] On appeal, Defendant challenges the sufficiency of the evidence to convict. For the reasons stated herein, the conviction is affirmed.

FACTS
Trooper Christopher Shaw was off duty on May 9, 2001, when he saw the driver of the car next to him (Defendant) light a marijuana cigarette. He called the Shreveport Police Department ("SPD") to report the incident and followed the vehicle to a house. Trooper Shaw watched Defendant walk from the vehicle to the house and then return to the car. Corporal Mathew Prunty of the SPD arrived at the scene, and Defendant immediately turned and began walking back toward the house. Cpl. Prunty repeatedly ordered Defendant to turn around and remove his hands from his pockets. After several requests, Defendant complied, but "removed his right hand from his right pocket and flipped a small plastic baggie on the ground beside him" as he turned to walk toward Cpl. Prunty. The officer handcuffed and searched Defendant, finding marijuana on Defendant's person. Cpl. Prunty then recovered the baggie from the flower bed where Defendant had thrown it. The results of crime lab analysis confirmed Cpl. Prunty's field test determination that the baggie contained cocaine.
Carmen Winn and Susan Taylor live in the house where Defendant was arrested and testified for the defense at trial. Both women stated that they witnessed Defendant's arrest. Ms. Winn stated that Defendant came to the house to check on the two women and see if they needed any work done. She related that Defendant left and then returned after "just a couple of seconds" to tell her the police were there. Ms. Winn further testified that Defendant "took the marijuana and a pack of rolling papers out of his pocket" and gave the items to the police. She stated that the police "pulled his pants and his underwear off." Ms. Winn testified that she had plain view of the arrest and that she never saw a bag of cocaine. Ms. Taylor testified that she arrived at the house before Cpl. Prunty and that Defendant's pants were pulled down and that he gave marijuana and rolling papers to the police. She further stated that Defendant did not drop anything and that she did not see cocaine.
On rebuttal, Cpl. Prunty testified that he handcuffed Defendant first and then searched him and found the marijuana. He denied removing any of Defendant's clothes. Trooper Shaw testified that Cpl. Prunty was at the scene before Ms. Taylor arrived home. He also testified that Ms. *871 Taylor's vision would have been blocked by a car parked in the driveway.
On this testimony, Defendant was convicted of possession of cocaine; and, as previously stated, he was sentenced as a second-felony offender to two and one-half years at hard labor without benefit of probation or suspension of sentence.

DISCUSSION

Assignment No. 1 (verbatim): The Court failed to present sufficient evidence to support the verdict, a conviction of possession of cocaine.
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App. 2d Cir.5/8/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760, 98-0282 (La.6/26/98), 719 So.2d 1048.
Subject to limited exceptions, it is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II. La. R.S. 40:967. Cocaine is classified as a Schedule II controlled dangerous substance. La. R.S. 40:964. To support a conviction for possession of a controlled dangerous substance, the state must prove that the defendant was in possession of the illegal drug and that he knowingly possessed the drug. To be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband; constructive possession is sufficient to convict. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990). Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. Perez, *872 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991). In the case sub judice, Defendant argues that Cpl. Prunty was the only person to testify that he "discarded a baggie containing cocaine." Defendant submits that he was cooperative, that he was arrested in a nice area and that neither Ms. Winn nor Ms. Taylor saw any cocaine. He argues that the State failed to prove that he "exercised dominion and control sufficient to constitute constructive possession of cocaine." He admits possessing marijuana, but denies any knowledge of illegal drugs in the flower bed.
The State points to Cpl. Prunty's testimony that he observed Defendant take his hand out of his pocket and throw the baggie on the ground. Cpl. Prunty testified as follows:
Q: What did you see what (sic) he was walking back toward you?
A: When he made the turn from the front door to walk back to me is when he removed his right hand from his right pocket and flipped a small plastic baggie on the ground beside him.
Q: When you say he removed his right hand from his pocket did he take his hand out of his pocket and throw something to the ground?
A: No. As he eased his hand out of his pocket he more or less dumped it there beside him where he was standing by the front door.
* * *
Q: Did you see anything fall on the ground at that time?
A: Yes, I did, a small plastic bag.
Q: How long was it from the time you saw the package fall to the ground did you actually go and pick up that package?
A: I would say within three minutes.
Cpl. Prunty further testified that there was no one else in the neighborhood at the time and no one other than himself and Trooper Shaw present between the time Defendant discarded the baggie and when Cpl. Prunty retrieved it. Subsequently, a forensic chemist confirmed that crack cocaine was in the baggie.
The State emphasizes the fact that Cpl. Prunty "had to order the defendant to turn around several times and remove his hands from his pockets before the defendant finally agreed to do so" as evidence of Defendant's guilty knowledge and attempt to conceal evidence. The State also points out as significant that Trooper Shaw saw Defendant smoking marijuana while driving and that marijuana was found on Defendant. The State argues that the jury could reasonably infer that the cocaine was in Defendant's physical possession. We agree.
The jury found the testimony of Cpl. Prunty and Trooper Shaw more credible than that of Ms. Winn and Ms. Taylor. Cpl. Prunty testified that he observed Defendant drop a baggie from his pocket and that he identified the contents of that bag to be crack cocaine in a field test. An expert from the crime lab confirmed that determination. Cpl. Prunty searched Defendant and found marijuana. His testimony on cross-examination and rebuttal contradicted the accounts of Ms. Winn and Ms. Taylor about removing the Defendant's clothes. Cpl. Prunty stated that he handcuffed Defendant, which would have made Ms. Winn's and Ms. Taylor's statements that Defendant handed marijuana and rolling papers to the police impossible. Further, Trooper Shaw testified that Ms. Taylor arrived after she said she did and that she did not have a clear view of the arrest. In addition to the testimony of Cpl. Prunty and Trooper Shaw, the State *873 presented the cocaine that was confiscated at the scene and a certified report issued by the North Louisiana Crime Lab confirming that the substance seized was cocaine. Based on this record, we find that a rational fact finder could have concluded that there was sufficient evidence to convict Defendant on the charge of possession of cocaine.

CONCLUSION
For the foregoing reasons, Defendant's, David Lee Carmack, conviction is affirmed.
AFFIRMED.
NOTES
[1] We note that the court minutes of October 19, 2004, state that Defendant was sentenced to serve his sentence "without benefit of probation, parole or suspension of sentence (emphasis added)," which is an incorrect reflection of the sentence actually imposed by the court. The transcript of the sentencing shows that the court stated that the sentence be served "without benefit of probation or suspension of sentence," which complies with La. R.S. 15:529.1 G.